UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRITTANY WALKER**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Civil Action No. 5:25-cv-283-CLS |
| **ROGERS GROUP, INC.**, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This action is before the court on the motion of plaintiff, Brittany Walker, for a protective order. She asks the court to prohibit defendant, Rogers Group, Inc., from issuing two subpoenas: the first to plaintiff's prior employer, Clearview Cancer Institute, for certain documents relating to her employment; and, second, to Valley Behavioral Services, P.C., for documents relating to plaintiff's mental health treatment. Doc. no. 16.[1]

The subpoena proposed to be issued to Clearview Cancer Institute demands the production of:

> Any and all documents pertaining to disciplinary actions, performance evaluations, termination, complaints made by or against employee and investigations thereof, and any requests for leave or job-related accommodations pertaining to [plaintiff].

---

[1] Plaintiff's motion refers to a subpoena proposed to be issued to Keith Watts for documents relating to plaintiff's mental health treatment, but that subpoena is not contained in the record.

Doc. no. 16-1, at ECF 4 (alteration supplied). The subpoena directed to Valley Behavioral Services seeks "[a]ny and all medical and billing records related to the healthcare and/or treatment of [plaintiff] from 1/1/2020 to present." *Id*. at ECF 11 (alterations supplied).

Plaintiff asks the court to issue a protective order preventing issuance of both subpoenas because each allegedly seeks "information in which she has a recognized interest in confidentiality," and is "subject to the psychotherapist/patient privilege and should not be subject to discovery."[2] In its opposition, defendant asserts that employment records from plaintiff's former employer, Clearview Cancer Institute, are sought "in order to determine if Plaintiff's mental distress was pre-existing or attributable to other factors," and also because the documents are relevant to plaintiff's "credibility."[3] With respect to plaintiff's mental health treatment records from Valley Behavioral Services, defendant argues that plaintiff has waived any privilege by virtue of her claim for damages for mental anguish.[4]

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." For purposes of discovery,

---

[2] Doc. no. 16 (Motion for Protective Order), at 3.
[3] Doc. no. 19 (Defendant's Response), at 4-8.
[4] *Id.* at 8-10.

2

relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case," even if the material itself would be inadmissible. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery is broad, "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (citations omitted).

The Federal Rules "strongly favor full discovery whenever possible." *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). "The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000). "Where there is a doubt over relevancy, the court should still permit discovery." *Coker*, 177 F.R.D. at 685.

This court will first address the second challenged subpoena (*i.e.*, for plaintiff's mental health treatment records). The United States Supreme Court adopted the psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). Specifically, the Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at

15. The patient may, however, waive the privilege. *Id.* at 15 n.14. The issue of whether the privilege may be *implicitly* waived has not been clarified by the Eleventh Circuit.

Even so, other courts have found the doctrine of implied waiver applicable to the psychotherapist-patient privilege. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 557 (N.D. Ga. 2001). In *Stevenson*, the court found implicit waiver of the psychotherapist-patient privilege appropriate "only when something other than garden variety emotional distress has been alleged." *Id.* "Garden variety" claims for emotional distress have been described as "claims of generalized insult, hurt feeling, and lingering resentment" that "do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life." *Javeed v Covenant Medical Center, Inc.*, 218 F.R.D. 178, 179 (N.D. Iowa 2001).

> Count I of plaintiff's complaint alleges that she
> 
> has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, the Pregnancy Discrimination Act.

Doc. no. 1 (Complaint), ¶ 33 (alteration supplied). Defendant argues that is enough to put plaintiff's mental health at issue, such that discovery of her treatment records

should be allowed.

Courts in the Eleventh Circuit have identified the following actions by a plaintiff that place her mental condition at issue and constitute a waiver of the psychotherapist-patient privilege: (1) stating a tort claim for intentional or negligent infliction of emotional distress; (2) alleging a specific mental or psychiatric injury or disorder; (3) alleging unusually severe emotional distress; (4) intending to offer expert testimony to support a claim for emotional distress damages; or (5) conceding that his or her mental condition is in controversy. *See Blake v. City of Montgomery*, No. 2:19-CV-243-RAH-SMD, 2020 WL 6804456, at *3 (M.D. Ala. Feb. 14, 2020) (citing *Chase v. Nova Southeastern University, Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *4 (S.D. Fla. May 29, 2012)). Plaintiff argues, and this court agrees, that she has taken none of those actions in this case. She does not assert a claim for intentional infliction of emotional distress, has not alleged a specific mental or psychiatric injury, does not allege unusually severe emotional distress, does not intend to offer expert testimony to support her claim for mental anguish damages, and she does not concede that her mental condition is in controversy. Additionally, she has not alleged that any pre-existing mental health condition was exacerbated by defendant's termination of her employment. *See, e.g., Chase*, 2012 WL 1936082, at *5. Accordingly, the court concludes that plaintiff has not waived, either explicitly or implicitly, the

psychotherapist-patient privilege. Accordingly, her motion for a protective order is due to be granted with respect to defendant's proposed subpoena to Valley Behavioral Services, P.C.[5]

Defendant also contends that discovery of certain records from plaintiff's previous employer, Clearview Cancer Institute, should be allowed. Defendant argues that the employment records are relevant to plaintiff's claim for compensatory damages for mental anguish. Specifically, defendant seeks to discover whether plaintiff's alleged mental distress was pre-existing, or is attributable to other factors. As support for its position, defendant appended records of plaintiff's visits to the Huntsville Hospital Emergency Department which occurred during the period she was employed by Clearview Cancer Institute.[6] Plaintiff contends that the employment records are not discoverable because she has not put her mental health at issue.

As stated above, the court agrees that plaintiff has asserted only a "garden variety" claim for mental anguish damages, such that she has not waived the psychotherapist-patient privilege. Even so, while plaintiff has not put her mental health at issue for purposes of determining whether the privilege was waived, she nonetheless seeks compensatory damages for mental anguish. Although plaintiff has

---

[5] The same rationale applies to any other individual mental health provider from whom records may be sought. *See supra* note 1.

[6] *See* doc. no. 19-1.

a privacy interest in her employment records, they are not privileged. Whether plaintiff had a preexisting mental health condition, or whether her emotional distress is attributable to other factors, is relevant to her claim for damages.

Defendant has shown that its position is not merely speculative, as demonstrated by records from hospital visits during the time period that plaintiff was employed by Clearview Cancer Institute. Accordingly, the court concludes that the requested records from Clearview Cancer Institute, limited to documents pertaining to disciplinary actions, performance evaluations, termination, complaints made by or against plaintiff and investigations thereof, and any requests for leave or job-related accommodations pertaining to plaintiff, may be relevant, and discovery should be allowed. Accordingly, that aspect of plaintiff's motion for a protective order is due to be denied.

An order consistent with the findings of this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 4th day of November, 2025.

_____
Senior United States District Judge